PER CURIAM.
The judgment of the Tax Court is affirmed essentially for the reasons set forth by Judge Rimm in his opinion reported at 7 N.J.Tax 120 (Tax Ct.1984).
As to the contention that the trial judge should have fixed his own valuation, Glen Wall Associates v. Wall Tp., 99 N.J. 265, 280, 491 A.2d 1247 (1985), Judge Rimm concluded that he did not have sufficient evidence to find a different valuation from the assessments under appeal. 7 N.J.Tax at 134. He noted that plaintiffs should have presented “evidence to the court of the value of the buildings if substantially rehabilitated with the *335 cost of rehabilitation to be deducted from such value in arriving at the fair market value of the properties.” Id. at 133. The Tax Court may determine an independent value, Pantasote Co. v. City of Passaic, 100 N.J. 408, 416, 495 A.2d 1308 (1985), but “[t]his does not mean that the court must make an independent finding of value based only on evidence that is brought before it without regard to the presumptive validity of the assessment.” Id. at 417. Only if the Tax Court finds that “an assessment [is] totally unrelated to true value or one derived from a patently arbitrary and capricious assessment methodology, does it become necessary for the court independently to determine true value.” Ibid.
Affirmed.