PER CURIAM.
In the tax year 1986 plaintiffs Michael and Betty Miele (taxpayers) applied for farmland assessment for their horse farm located in Jackson Township, Ocean County, New Jersey. The Tax Assessor granted farmland assessment for 14 acres of the farm, (Block 12, lot 3Q) but denied farmland assessment for the balance of the acreage. (Block 12, lot 2.02 consisting of 11.07 acres and Block 12, lot 3 consisting of 15.25 acres). Thereafter, the Tax Assessor determined that he erred in granting the farmland assessment for lot 3Q in 1986 and filed an application with the Ocean County Board of Taxation to impose a roll-back tax for 1986 and the two preceding years for which farmland assessment had been granted.
Taxpayers appealed to the Ocean County Board of Taxation from the Tax Assessor’s failure to grant farmland exemption for the balance of the farm acreage in 1986. Taxpayers also contested the Tax Assessor’s application for imposition of rollback taxes for the years 1986, 1985, and 1984. The Ocean County Board of Taxation affirmed the Tax Assessor’s determination as to the tax year 1986 and also imposed roll-back taxes for the tax years 1986, 1985 and 1984.
Taxpayers appealed both determinations to the New Jersey Tax Court where the matters were consolidated for trial. The tax court judge found that the farm qualified for farmland exemption in 1986 and reversed the imposition of roll-back taxes for the years, 1986,1985 and 1984. The judge limited the 1986 qualified assessment to 14 acres as originally determined by the Tax Assessor and denied farmland assessment to the balance of the farm.
*99 Defendant Township of Jackson appeals from that decision, alleging that the Tax Court judge erred in determining that lot 3Q qualified for farmland assessment for the tax year 1986, and, further, that he erred in reversing the imposition of roll-back taxes for the years 1986, 1985 and 1984. The taxpayers cross-appeal contending that the trial judge erred in limiting the farmland assessment only to lot 3Q. They contend that the farmland assessment should be applied to all three lots, with the exception of two acres upon which the taxpayers’ and caretaker’s houses are situated. Although the taxpayers concede that the trial judge’s fact findings were supported by substantial evidence in the record, they argue that the trial judge committed legal error when he found that one of the activities conducted on the farm, bringing race horses onto the farm for the purpose of resting them or rehabilitating them between races or caring for them if they are injured, is not an agricultural use for which farmland assessment can be granted.
 We have reviewed the record in its entirety in view of the issues raised on appeal and cross-appeal and conclude that the Tax Court judge’s findings of fact are amply supported by substantial evidence in the record, giving due deference to his ability to ascertain the credibility of the witnesses. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974). In reviewing the trial judges application of those fact findings to accepted principles of law we are guided by certain legal principles. Initially, we are reminded that the burden of proof to establish a change in the use of lands so as to subject the land to a roll-back tax is on the tax assessor. Belmont v. Wayne Tp., 3 N.J.Tax. 382 (Tax Ct.1981). Secondly, when considering the taxpayers’ claim that the farmland assessment should be applied to the entire farm and not simply to lot 3Q, the evidence must be appraised in light of the principle that there is a presumption that the assessment made by the tax assessor is correct, and, thus, the burden of proving entitlement to a farmland assessment is on the taxpayer to show otherwise. See, Aetna Life Insurance Co. v. City of Newark, 10 N.J. 99, 105, 89 A.2d 385 (1952). See also, Six *100 Cherry Hill, Inc. v. Cherry Hill Tp., 7 N.J.Tax 120, 126 (Tax Ct.1984); aff’d 8 N.J.Tax 334 (App.Div.1986). Lastly, we observe that Tax Court judges have “special qualifications, knowledge and experience in matters of taxation.” N.J.S.A. 2A:3A-13. Accordingly, it is appropriate for an appellate court to give deference to their decisions in matters directly involving such expertise. Cf., Close v. Kordulak Bros., 44 N.J. 589, 599, 210 A.2d 753 (1965) (where the Supreme Court established this standard of review for appeals from Workers’ Compensation Court.) Applying these various principles to the case under review, we affirm the judgements entered by the Tax Court judge, Judge Rimm, substantially for the reasons expressed by him in his bench opinion of September 10, 1987.
Affirmed.