**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1972-24

GABRIEL ADES,

    Plaintiff-Appellant,

v.

BOROUGH OF DEAL,

    Defendant-Respondent.

_____

Submitted January 22, 2026 – Decided April 13, 2026

Before Judges Mayer and Gummer.

On appeal from the Tax Court of New Jersey, Docket No. 7334-2024, whose opinion is reported at 33 N.J. Tax 487 (Tax 2025).

Wolf Vespasiano, LLC, attorneys for appellant (Chad E. Wolf, on the briefs).

Paul V. Fernicola & Associates, LLC, attorneys for respondent (Paul V. Fernicola, of counsel and on the brief; Robert E. Moore, on the brief).

PER CURIAM

In this property-tax case, plaintiff Gabriel Ades appeals an order denying his application for relief under the Freeze Act, N.J.S.A. 54:3-26. We affirm substantially for the reasons set forth in the comprehensive opinion of Judge Mala Sundar.

In the 2023 tax year, defendant assessed plaintiff's lot at $5,193,800. Plaintiff completed construction of a home located on the lot that same year. After construction was completed, defendant applied an added tax assessment of $5,297,000 for the improvement to the property, resulting in a total assessment of $10,490,800. Plaintiff challenged the added assessment to the Monmouth County Board of Taxation (the board). In a December 14, 2023 memorandum of judgment, the board did not change the added assessment, citing Judgment Code 2B, which stands for "presumption of correctness not overturned." Plaintiff did not appeal that judgment to the Tax Court.

In the 2024 tax year, defendant assessed plaintiff's property at $12,180,700. On May 6, 2024, plaintiff filed a complaint in the Tax Court, contending the assessment was "in excess of the true or assessable value of the property." Defendant moved to dismiss the complaint as untimely filed. Plaintiff opposed the motion and moved for entry of "an order directing the Clerk of the Tax Court to enter judgment pursuant to the Freeze Act . . . for tax

year 2024." In support of the motion, plaintiff's counsel certified plaintiff had filed the complaint to obtain relief under the Freeze Act.

After confirming at oral argument plaintiff had no intention of appealing the 2024 assessment pursuant to N.J.S.A. 54:51A-6(a), the judge deemed the complaint a Freeze Act application for tax year 2024 based on the board judgment for tax year 2023.[1] Consistent with the judge's directives, plaintiff filed an "application for Freeze Act Judgment to correct the incorrectly filed complaint." Defendant objected, contending the court should deny the application because plaintiff had not appealed the board judgment for tax year 2023 and "[a]n un-appealed county board judgment under [Judgment] Code 2B does not qualify as a judgment of value to trigger the benefits of the Freeze Act."

In a January 25, 2025 corrected order and judgment, the judge denied plaintiff's application for relief under the Freeze Act. In a written opinion, the judge held "a final judgment, for purposes of the Freeze Act[,] must be one determining the value of the property," the board judgment for tax year 2023 did

---

[1] N.J.S.A. 54:51A-6(a) authorizes a court under certain circumstances to enter a judgment revising a property's "taxable value." In contrast, "the legislative purpose of the Freeze Act is to eliminate the harassment of requiring yearly appeals to be taken to the county and state tax boards when there has been no change in the value of the property." Borough of Hasbrouck Heights v. Div. of Tax Appeals, 41 N.J. 492, 498 (1964).

not constitute a judgment that "determined value," and, therefore, it could not "qualify as a base year for purposes of the Freeze Act." Ades v. Borough of Deal, 33 N.J. Tax 487, 492, 495 (Tax 2025). This appeal followed.

"Generally, appellate courts apply a highly deferential standard of review when considering the factual findings and decisions of Tax Court judges." Presbyterian Home at Pennington, Inc. v. Borough of Pennington, 409 N.J. Super. 166, 180 (App. Div. 2009). "The 'special qualifications, knowledge and experience in matters of taxation' of Tax Court judges entitles them to deference 'in matters directly involving such expertise.'" Ibid. (quoting Miele v. Twp. of Jackson, 11 N.J. Tax 97, 100 (App. Div. 1989)). "The findings of the Tax Court will not be disturbed 'unless they are plainly arbitrary or there is a lack of substantial evidence to support them.'" Ibid. (quoting G & S Co. v. Borough of Eatontown, 6 N.J. Tax 218, 220 (App. Div. 1982)).

A Tax Court judge's interpretation of a statute is reviewed de novo. Dover-Chester Assocs. v. Randolph Twp., 419 N.J. Super. 184, 195 (App. Div. 2011). "The meaning of a tax statute must be discerned according to the general rules of statutory construction." Presbyterian Home at Pennington, Inc., 409 N.J. Super. at 180. "The court must first examine the statute's plain language." Ibid. "If the language is clear, the court interprets the statute consistent with its

plain meaning." Ibid. "Where the ordinary language in a statute demonstrates the Legislature's clear intent, the court's duty is to apply that plain meaning." Ibid.; see also DiProspero v. Penn, 183 N.J. 477, 492 (2005) (same).

Applying those guiding principles, we are unpersuaded by plaintiff's arguments on appeal that the judge misinterpreted applicable precedent and misapplied the law on statutory construction. We affirm substantially for the reasons set forth in Judge Sundar's thoughtful opinion.

We also reject plaintiff's argument his due-process rights were violated when the court, deciding his Freeze Act application, purportedly refused to hold a hearing regarding the board's "use of judgment codes" in its 2023 memorandum of judgment. "The essential elements of 'due process of law,' as guaranteed by the Fourteenth Amendment of the Federal Constitution, are appropriate notice of the judicial action and adequate opportunity to be heard." Hyman v. Muller, 1 N.J. 124, 129 (1948); see also Big Smoke LLC v. Twp. of W. Milford, 478 N.J. Super. 203, 227 (App. Div. 2024) (same).

In its memorandum of judgment, the board expressly cited Judgment Code 2B in rendering its decision not to change the added assessment. If plaintiff believed the board erred in applying that code or that the code did "not reliably reflect what happened" and merited a "look behind the circumstances of . . . [the]

board['s] judgment," he had the right to appeal the judgment to the Tax Court. He chose not to exercise that right. On that record, we perceive no due-process violation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1972-24